**Colton McKay (16897)**
**Chad McKay (5515)**
**Chad B. McKay, P.C.**
**25650 Washington Blvd. Suite 101**
**Ogden, Utah 84401**
**Phone: 801-621-6021**
Mckaylaw303@gmail.com
chadmckaylaw@gmail.com

**David J. Kaminski, Esq.**
**CARLSON & MESSER LLP**
**5901 W. Century Blvd. Suite 1200**
**Los Angeles, CA 90045**
**310-242-2200**
kaminskid@cmtlaw.com
**Pro Hac Vice to be Submitted**

**Attorneys for Merchants & Medical Credit Corporation, Inc.**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID SEXTON,<br><br>    Plaintiff,<br><br>vs.<br><br>EVERGREEN VILLAGE COMMUNITY MHC, LLC; and MERCHANTS & MEDICAL CREDIT CORPORATION, INC.,<br><br>    Defendant. | Case Number: 2:19-cv-00675<br>Hon. Clark Waddoups |

**DEFENDANT MERCHANTS & MEDICAL CREDIT CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

NOW COMES Defendant Merchants & Medical Credit Corporation, Inc. ("MMCC"), by and through its attorneys and states as follows in response to Plaintiff's Motion for Judicial Notice (ECF No. 16):

Plaintiff requests that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the following alleged facts:

1. On February 26, 2018, Defendant Evergreen Village Community MHC, LLC ("Evergreen") filed a Joint Motion to Dismiss the State case against Plaintiff David Sexton ("Sexton") with prejudice.

2. On March 2, 2018, the Utah State Second District Court dismissed the State case with prejudice and vacated the judgment against Sexton.

3. As a result of the order dismissing the case with prejudice and vacating the judgment, Sexton was completely relieved from any liability of any kind under that judgment.

4. In the prior case Judge Parrish of this Court adjudicated the issue of whether the judgment Defendant sought to collect was a debt under the FDCPA and conclusively determined that the "default judgment at issue in this case qualifies as a "debt" under the FDCPA."

5. Judge Parrish also conclusively determined that the "lease agreement between Sexton and Evergreen Village . . . qualifies as a consumer transaction under the UCSPA."

Plaintiff requests that this Court take judicial notice of these alleged facts pursuant to Federal Rule of Evidence 201, which states in relevant part:

> "(B) **Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

MMCC respectfully requests that this Honorable Court deny Plaintiff's Motion for Judicial Notice. MMCC was not a party to the State case. Nor was MMCC a party to the previous litigation in this Court, case no. 2:17-cv-010080-JNP-BCW, *Sexton v. Poulsen and Skousen P.C., et al.* MMCC had no opportunity to participate in those cases or contest the legal issues before the Court. The facts, claims, defenses, and issues relating to this action are not identical to the previous cases, as MMCC was not a party to those cases. MMCC should not be bound by the fact findings or legal conclusions reached by the Court in a previous case. See e.g. *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006) ("[A] court may not take judicial notice of findings of facts from another case.") and *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.")

The legal conclusions of the Court in the previous action are not binding in this case under the law of the case doctrine, as the law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the <u>same case</u>. *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031 (10th Cir. 2000) (emphasis added). The legal conclusions of the Court in case no. 2:17-cv-01008 are therefore not binding in this case under the law of the case doctrine.

MMCC would not oppose this Court taking judicial notice of the propounded "facts" only for the purpose of showing the <u>content</u> of the referenced documents, but opposes Plaintiff's request that this Court take judicial notice of the documents to prove the <u>truth</u> of the matters asserted in the documents, or conclusions therefrom. Cf. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

To apply Rule 201 herein as requested by Plaintiff would be unduly prejudicial to MMCC, because it would deprive MMCC of a fair opportunity to litigate this matter. As held by the Tenth Circuit, "[i]f a court takes judicial notice of a fact whose application is in dispute, the court removes the[ ] weapons [of rebuttal evidence, cross-examination, and argument] from the parties and raises doubt as to whether the parties received a fair hearing . . . [T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." (*United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002), internal citations omitted.)

WHEREFORE, Defendant MMCC requests that this Honorable Court deny Plaintiff's Motion for Judicial Notice, and grant such other and further relief as may be appropriate.

DATED this 18th day of May, 2020

Respectfully submitted,

/s/ Colton McKay          .
Attorney for Defendant

Colton McKay
Chad McKay
Chad B. McKay, P.C.
2560 Washington Blvd. Suite 101
Ogden, Utah 84401
801-621-6021
Mckaylaw303@gmail.com
chadmckaylaw@gmail.com

Co-Counsel:
David J. Kaminski, Esq.
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, CA  90045
310-242-2200 Main
kaminskid@cmtlaw.com
*Attorneys for Merchants & Medical Credit Corporation, Inc.*