**Colton McKay (16897)**
**Chad McKay (5515)**
**Chad B. McKay, P.C.**
**25650 Washington Blvd. Suite 101**
**Ogden, Utah 84401**
**Phone: 801-621-6021**
**Mckaylaw303@gmail.com**
**chadmckaylaw@gmail.com**

**David J. Kaminski, Esq.**
**CARLSON & MESSER LLP**
**5901 W. Century Blvd. Suite 1200**
**Los Angeles, CA 90045**
**310-242-2200**
**kaminskid@cmtlaw.com**
**Pro Hac Vice to be Submitted**

**Attorneys for Merchants & Medical Credit Corporation, Inc.**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID SEXTON,<br><br>Plaintiff,<br><br>vs.<br><br>EVERGREEN VILLAGE COMMUNITY MHC, LLC; and MERCHANTS & MEDICAL CREDIT CORPORATION, INC.,<br><br>Defendant. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case Number: 2:19-cv-00675<br>Hon. Clark Waddoups<br>Magistrate Judge Bennett |

**DEFENDANT MERCHANTS AND MEDICAL CREDIT CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Defendant Merchants and Medical Credit Corporation ("MMCC") by and through its attorneys and files this Brief in Opposition to Plaintiff's Motion for Judgment on the Pleadings.

**LEGAL STANDARD**

A court may enter judgment on the pleadings when the moving party is entitled to judgment on the face of the pleadings themselves. All facts pled by the non-moving party must be accepted as true, and all reasonable inferences from the pleadings must be granted in the non-movant's favor. *Stone v. Simone*, 610 F. App'x 751, 752 (10th Cir. 2015), citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir.2012). "A motion for judgment on the pleadings 'should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Colony Ins. Co.*, 698 F.3d at 1228, quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir.2006). Generally, judgments on the pleadings are not favored by the courts.

**ARGUMENT**

Plaintiff asserts that "Merchants and Medical conceded it violated several different FDCPA prohibitions." Dkt. 15, p. 3. This is not accurate. In its Answer to Plaintiff's Amended Complaint and Defenses, MMCC has denied violating the FDCPA or Utah law. Answer to Amended Complaint, Dkt. 13, ¶¶ 105-107, 133, 139, 148-149. These denials must be accepted as true for the purposes of this motion.

MMCC was not a party to the underlying lease between Plaintiff and Evergreen Village Community MHC, LLC ("Evergreen"), or the subsequent litigation between them. In many ways, it appears MMCC has been caught up in the middle of a bitter, long-standing dispute between

Plaintiff and Evergreen. MMCC currently has no knowledge of many of the underlying purported facts of this case, and there has been no discovery. Plaintiff's motion is premature.

MMCC has denied the material allegations of Plaintiff's Amended Complaint as they relate to MMCC, and these denials must be accepted as true for purposes of this motion. For example, MMCC has denied Plaintiff's allegation that MMCC received a copy of the alleged state court order vacating the state court judgment, Answer to Amended Complaint, Dkt. 13, p. 12; denied Plaintiff's allegation that MMCC knew the alleged debt was not valid, Dkt. 13, p. 12, ¶ 49; denied that Plaintiff notified MMCC prior to February 8, 2019, that he was represented by an attorney and refused to pay the debt, Dkt. 13, p. 14, ¶ 58; denied Plaintiff's allegation that MMCC knew the judgment it was enforcing had been vacated, as alleged by Plaintiff, Dkt. 62, p. 15, ¶ 62; answered that it responded to Plaintiff's request for verification of the debt by requesting verification from Evergreen and providing Plaintiff with the documents provided to it by Evergreen, Dkt. 13, p. 17, ¶¶ 70-72; answered that Evergreen did not provide MMCC with a copy of the alleged order vacating the judgment, Dkt. 13, p. 17, ¶ 73; denied contacting Plaintiff after receiving notice that Plaintiff was represented by an attorney, Dkt. 13, p. 22, ¶ 94; denied that it was negligent, Dkt. 13, p. 27, ¶ 115; denied that it breached any duty to Plaintiff, Dkt. 13, p. 28, ¶¶ 118-121; denied that the allegation that its actions were for the purpose of "vexing and harassing" Plaintiff, Dkt. 13, p. 30, ¶ 126; denied that Plaintiff suffered damages as a result of the alleged actions of MMCC, Dkt. 13, p. 32, ¶ 134; denied that MMCC "knew" the judgment against Plaintiff was vacated and the debt was "invalid and not actually owed," Dkt. 13, p. 34, ¶ 141; denied the allegation that its conduct was unlawful, deceptive, and malicious, Dkt. 13, p. 36, ¶ 151.

Furthermore, MMCC has asserted a lack of knowledge or information sufficient to form a belief about the truth of many of Plaintiff's other allegations. Dkt. 13 e.g. ¶¶ 18 et seq. Such a statement "has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

In summary, MMCC has denied the material allegations in Plaintiff's Complaint as they relate to MMCC. MMCC was not a party to the underlying transaction or prior litigation between Plaintiff and Evergreen, and MMCC's responses to those allegations have the effect of denials under the law. The responses in MMCC's Answer must be accepted as true for the purposes of this motion, and all reasonable inferences drawn in favor of MMCC. On this standard alone, Plaintiff's motion must be denied.

Further, however, even if it is assumed that the underlying state court judgment MMCC was attempting to collect had been set aside, and Plaintiff did not owe the underlying debt to Evergreen, MMCC has pled, and is entitled to present proof establishing, the bona fide error defense raised in its Answer. MMCC raised among its "Affirmative and Other Defenses" the bona fide error defense as follows:

> "2. MMCC asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of bona fide error, notwithstanding reasonable procedures in place to prevent such errors." Answer, Dkt. 13, p. 40, ¶ 2.

If MMCC prevails on its bona fide error defense, it will have no liability to Plaintiff.

The bona fide error defense is an affirmative defense that insulates debt collectors from liability even when they have violated the FDCPA. *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006). Specifically, the bona fide error provision in the FDCPA, 15 U.S.C. § 1692k(c), provides that "a debt collector may not be held liable in any action brought under this subchapter if a debt collector shows by a preponderance of evidence that the violation was not intentional and

resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *Id*.

In order to prevail on a bona fide error defense, the debt collector must show that the violation was unintentional, but need not show that the underlying act itself was unintentional. *Id.*, 728. In other words, a violation is unintentional for purposes of the FDCPA's bona fide error defense if a debt collector can establish the lack of a specific intent to violate the act. *Id*. The issue of intent becomes principally a credibility question as to the defendant's subjective intent to violate the FDCPA. *Id*.

Accordingly, even if MMCC's Answer admitted that it violated the FDCPA (which it did not), MMCC would be entitled to show, by a preponderance of evidence, that the violation was not intentional and resulted from a bona fide error. Even if Plaintiff can ultimately establish a violation of the FDCPA by MMCC, MMCC will have no liability to Plaintiff if it prevails on its bona fide error defense.

At trial, MMCC will have the burden of proving any violation of the FDCPA was unintentional, and occurred despite the maintenance of procedures reasonably adapted to avoid the error. *Id*., 727-8. Where genuine issues of material fact exist with regard to the elements of the bona fide error defense, the case must go to the jury. *Id.,* 728. Accordingly, it is not appropriate for this court to grant Plaintiff judgment on the pleadings, and his motion must be denied.

## **CONCLUSION**

MMCC requests this Honorable Court deny Plaintiff's Motion for Judgment on the Pleadings, and grant such other and further relief as may be appropriate.

Dated this 5th Day of June, 2020

Respectfully submitted,


**Colton McKay (16897)**
**Chad McKay (5515)**
**Chad B. McKay, P.C.**
**25650 Washington Blvd. Suite 101**
**Ogden, Utah 84401**
**Phone: 801-621-6021**
**Mckaylaw303@gmail.com**
**chadmckaylaw@gmail.com**

**David J. Kaminski, Esq.**
**CARLSON & MESSER LLP**
**5901 W. Century Blvd. Suite 1200**
**Los Angeles, CA 90045**
**310-242-2200**
**kaminskid@cmtlaw.com**
**Pro Hac Vice to be Submitted**

**Attorneys for Merchants & Medical Credit Corporation, Inc.**