SCOTT C. POWERS (10976)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah  84111
Telephone:  801.521.9000
Facsimile:  801.363.0400
scp@scmlaw.com
*Attorneys for Evergreen Village MHC, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DIVISION – DISTRICT OF UTAH**

| DAVID SEXTON, Plaintiff, vs. EVERGREEN VILLAGE MHC, LLC; and MERCHANTS & MEDICAL CREDIT CORPORATION, INC., Defendants. | **EVERGREEN VILLAGE MHC, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** **Case No. 2:19-cv-00675 CW** **Judge Clark Waddoups** |
|---|---|

Evergreen Village MHC, LLC ("Evergreen"), by and through counsel, hereby files an opposition memorandum to Plaintiff's Motion for Judgment on the Pleadings.

**LEGAL STANDARD**

Judgment on the pleadings is only appropriate when the moving party is entitled to judgment on the face of the pleadings themselves. All facts pled by the non-moving party must be accepted as true, and all reasonable inferences from the pleadings must be granted in the non-movant's favor. *Stone v. Simone*, 610 F. App'x 751, 752 (10th Cir. 2015), citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir.2012). "A motion for judgment on the pleadings 'should

not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Colony Ins. Co.*, 698 F.3d at 1228, quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir.2006). Generally, judgments on the pleadings are not favored by the courts.

## **ARGUMENT**

Plaintiff asserts and seeks judgment on the pleadings, but does so before meaningful fact discovery has taken place and in the face of denials found in Evergreen's answer. There remain multiple questions of fact surrounding the brief collection effort (which has long since ceased) and defenses raised by the defendants relative thereto. A simple review of Evergreen's answer will show that Evergreen has not admitted to a material breach of the settlement agreement and has not admitted that the settlement agreement consists of a "consumer transaction" that would give rise to a claim under the Utah Consumer Sales Practices Act. Indeed, Evergreen has denied those allegations in responding to Plaintiff's Amended Complaint. *See* Answer to Amended Complaint, Dkt. 14, ¶¶ 42, 135-154, 155-170. Although Evergreen has asserted a lack of knowledge or information sufficient to form a belief about the truth of some of Plaintiff's allegations, these have the effect of a denial. *See* Fed. R. Civ. P. 8(b)(5). Evergreen has denied the material allegations of Plaintiff's Amended Complaint and these denials must be accepted as true for purposes of this motion. This being the case, judgment on the pleadings is inappropriate.

In summary, Evergreen has denied the material allegations in Plaintiff's Complaint as they relate to Evergreen. Evergreen disputes that it materially breached the settlement agreement and disputes that the facts establish any violation of the Utah Consumer Sales Practices Act. Since Evergreen's denials must be taken as true, Plaintiff's motion is premature and should be denied.

## **CONCLUSION**

Evergreen requests that Plaintiff's Motion for Judgment on the Pleadings be denied, and grant such other and further relief as may be appropriate.

DATED this 12th day of June, 2020.

**SNOW CHRISTENSEN & MARTINEAU**

*/s/ Scott C. Powers*
SCOTT C. POWERS
*Attorneys for Evergreen Village MHC, LLC*
4849-3640-9279, v. 1