IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DAVID SEXTON,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**EVERGREEN VILLAGE COMMUNITY MHC, LLC; and MERCHANTS & MEDICAL CREDIT CORPORATION, INC.,**<br><br>     **Defendants.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:19-cv-00675-CW-JCB**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court issues the following Report and Recommendation to deny Plaintiff David Sexton's ("Mr. Sexton") Motion for Judgment on the Pleadings against Defendant Merchants & Medical Credit Corporation, Inc. ("MMCC").[2]

**FACTUAL BACKGROUND**

Mr. Sexton's Amended Complaint pleads two causes of action against MMCC under the Fair Debt Collection Practices Act ("FDCPA")[3] and the Utah Consumer Sales Practices Act.[4] In

---

[1] ECF No. 23.

[2] ECF No. 15.

[3] 15 U.S.C. §§ 1692 to 1692p.

[4] ECF No. 12.

its Answer, MMCC admitted that: (1) Defendant Evergreen Village Community MHC, LLC ("Evergreen") referred an alleged debt against Mr. Sexton to MMCC;[5] (2) MMCC took action to attempt to collect a debt from Mr. Sexton;[6] and (3) Evergreen did not provide MMCC with a copy of the court order dismissing the debt against Mr. Sexton either at the time the debt was referred to MMCC or thereafter.[7] Although Evergreen admits that the debt that it referred to MMCC against Mr. Sexton was invalid, MMCC neither admits nor denies the allegation based on insufficient knowledge.[8] In addition to these admissions, MMCC asserted an affirmative defense that its attempted debt collection against Mr. Sexton was subject to the FDCPA's "bona fide error" provision, which—if MMCC proves by a preponderance of the evidence—would shield MMCC "from liability even where [MMCC has] violated the FDCPA."[9]

Based on MMCC's above-referenced admissions, Mr. Sexton moved for judgment on the pleadings as to his FDCPA claim against MMCC.[10] Specifically, Mr. Sexton argues that MMCC's admissions establish a violation of the FDCPA, and MMCC cannot rely on the "bona fide error" defense because it did not plead it with specificity under Fed. R. Civ. P. 9(b).[11]

---

[5] ECF No. 13, ¶ 42.

[6] *Id.*, ¶¶ 43, 61, 67-68, 71-72, 77-81, 83-85, 92-93, 100-01, 145.

[7] *Id.*, ¶¶ 46-47, 73.

[8] ECF No. 14, ¶¶ 36, 41; ECF No. 13, ¶¶ 36, 41.

[9] *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002) (quoting 15 U.S.C. §1592k(c)).

[10] ECF No. 15.

[11] ECF Nos. 15, 28.

Therefore, Mr. Sexton argues, he is entitled to "partial judgment" against MMCC on the pleadings as to his FDCPA claim only.[12]

However, as shown below, Mr. Sexton is incorrect. Even assuming *arguendo* that MMCC's factual admissions establish the elements of his FDCPA claim, MMCC's assertion of the bona fide error defense precludes judgment on the pleadings here even if it was not pleaded with specificity under Fed. R. Civ. P. 9(b).

## ANALYSIS

Mr. Sexton's Motion for Judgment on the Pleadings against MMCC fails because even assuming that MMCC's admissions establish an FDCPA violation, MMCC's bona fide error defense inserts disputed facts that preclude judgment on the pleadings. Fed. R. Civ. P. 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[13] For purposes of determining whether a party is entitled to judgment as a matter of law, "[a] motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[12] ECF No. 15 at 10.

[13] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[14] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

to state a claim to relief that is plausible on its face."[15] However, this standard applies only to causes of action alleged in a complaint and not to affirmative defenses pleaded in an answer.[16] In other words, the defendant is not required to plead sufficient facts in the answer to state a plausible defense.[17]

Although the pleading standards for affirmative defenses in an answer are different than the pleading standards for causes of action in a complaint, Mr. Sexton correctly observes that Fed. R. Civ. P. 9(b) imposes a heightened pleading standard on the affirmative defense of "mistake." Specifically, Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[18] Unfortunately, the history behind this provision is meager. In fact, the Advisory Committee Note in 1937 for Rule 9(b) tersely—and unhelpfully—says, in its entirety, "*See* English Rules Under the Judicature Act (The Annual Practice, 1937) O. 19, r 22." When one looks up that reference, it says nothing about what the drafters intended by using the word "mistake."[19] Reliance on case law to

---

[15] *Emps'. Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[16] *See, e.g.*, *Tiscareno v. Frasier*, No. 2:07CV336, 2012 WL 1377886, *14-16 (D. Utah April 19, 2012) (holding that affirmative defenses in answer not subject to *Iqbal* pleading standard).

[17] *Id.* at *14 ("Thus, the language of Rule 8 does not compel courts to apply the same pleading standard to both complaints and affirmative defenses pled in responsive pleadings.").

[18] Fed. R. Civ. P. 9(b).

[19] Christopher M. Fairman, *An Invitation to the Rulemakers—Strike Rule 9(b)*, 38 U.C. DAVIS L. REV. 281, 287 (2004) (quoting the above-referenced English rule, which says, in its entirety, "Wherever it is material to allege malice, fraudulent intention, knowledge, or other condition of the mind of any person, it shall be sufficient to allege the same as a fact without setting out the circumstances from which the same is to be inferred.").

determine the meaning of "mistake" in similarly unhelpful because, as Judge Richard Posner observed, there are very few cases interpreting "mistake" under Rule 9(b) given that the overwhelming majority deal with fraud.[20] Thus, to determine whether the bona fide error defense under the FDCPA is a "mistake" that must be pleaded with specificity, the court first analyzes what "mistake" means in Rule 9(b). The court then determines whether the FDCPA's bona fide error defense fits within Rule 9(b)'s definition of "mistake." After determining that the bona fide error defense is not a mistake under Rule 9(b)—and, therefore, not subject to pleading with specificity—the court analyzes whether MMCC's summary assertion of the bona fide error defense precludes a judgment on the pleadings. At the end of this three-step analysis, the court recommends that Mr. Sexton's Motion for Judgment on the Pleadings be denied because the bona fide error defense raises issues of material fact.

    A.  <u>The Meaning of "Mistake" in Rule 9(b)</u>.

Rule 9(b)'s use of "mistake" refers to the word's use as a term of art in contract law. Where, as here, the rule itself fails to define "mistake," the court must apply the term's "plain meaning."[21] "One source of the plain meaning of a term is the dictionary."[22] According to *Black's Law Dictionary*, "Mistake" means,

---

[20] *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).

[21] *Valley Camp of Utah, Inc. v. Babbitt*, 24 F.3d 1263, 1270 (10th Cir. 1994) ("[W]e employ the standard rules of statutory construction, beginning with the plain meaning of its terms."); *see also Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540–41 (1991) (applying ordinary principles of statutory construction to Federal Rules of Civil Procedure).

[22] *Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Cont'l Ins. Co.*, 891 F.2d 772, 776 (10th Cir. 1989).

> 1. An error, misconception, or misunderstanding; an erroneous belief. *See* error.
> 2. Contracts. The situation in which either (1) the parties to a contract did not mean the same thing, or (2) at least one party had a belief that did not correspond to the facts or law. As a result, the contract may be voidable.

The first definition may be quickly eliminated from supplying the meaning of "mistake" under Rule 9(b) because if that definition applied, then nearly every civil lawsuit would be subject to Rule 9(b)'s heightened pleading standard. For example, if a lawyer were sued for malpractice because of his/her "misconception," "misunderstanding," or "erroneous belief," then the plaintiff would have to plead with specificity. However, that is not the law.[23] In addition to malpractice, nearly all common, run-of-the-mill negligence claims are based on mistake arising from a misconception, misunderstanding, or erroneous belief. Thus, if the first definition of "mistake" applies under Rule 9(b), then nearly every negligence claim would be subject to heightened pleading. Because this is clearly not the case, "mistake" in Rule 9(b) must mean something else.

Given the first definition's problems, the second definition of "mistake" referenced above provides a better fit in terms of Rule 9(b). The second definition of "mistake" refers to a term of art in contract law where the contracting parties thought they had an agreement only to later learn that they did not because one party or both parties' understanding was "not in accord with the

---

[23] *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 263 (3d Cir. 2011) ("Federal Rule 9 does require specificity in pleading certain types of claims, but malpractice is not among them.").

facts"[24] that were material to the agreement. Where, as here, the drafters of a rule use a term of art, courts will rely on that specialized meaning over its common, plain meaning.[25]

In addition to the "term of art" aid to construing Rule 9(b), the court also finds the principle of *noscitur a sociis* useful in determining the meaning of "mistake" here. *Noscitur a sociis* is the principle that "a word is known by the company it keeps." [26] Courts employ this construction tool because it avoids "ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving [the term] unintended breadth. . . ."[27] The term "mistake" keeps company with "fraud" in Rule 9(b). Just as in Rule 9(b), "fraud" and "mistake" often accompany each other in contract law.[28] The association between fraud and mistake in contract law exists because each term represents an instance in which the parties to a bargain thought they had an express or implied agreement but subsequently discover that they did not due to a material misrepresentation (in the case of fraud) or due to differing understandings of the material facts of the bargain (in the case of mistake).[29] Thus, the fact that "mistake" accompanies "fraud" in Rule 9(b) further suggests that "mistake" assumes its term of

---

[24] Restatement (Second) of Contracts, § 151 (1981).

[25] "When a statute uses [a term of art], Congress intended it to have its established meaning." *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 342 (1991).

[26] *Yates v. United States*, 574 U.S. 528, 543 (2015).

[27] *Id.*

[28] Restatement (Second) of Contracts, ch. 6 (Mistake), ch. 7 (Fraud).

[29] *Compare* Restatement (Second) of Contracts, §§ 152 (defining mutual mistake), 153 (defining unilateral mistake), 162 (defining when a misrepresentation is fraudulent).

art meaning under contract law. Further, limiting "mistake" to its contract law meaning also accords with the reasoning behind *noscitur a sociis* by not giving the term "mistake" the problematic breadth that its above-mentioned definition creates in pleading. Accordingly, these construction tools show that the term "mistake" in Rule 9(b) should be limited to its usage under contract law.

Although scant, Rule 9(b)'s few cases further support this limited construction of "mistake." For example, in *Illinois National Insurance Co. v. Wyndham Worldwide Operations, Inc.*, the court determined that a claim of mutual mistake under New Jersey contract law was pleaded with specificity under Rule 9(b).[30] Similarly, in *Arcelormittal Cleveland, Inc. v. Jewel Coke Co.*, the court determined that the steel mill owners had sufficiently pleaded mutual and unilateral mistake to comply with Rule 9(b).[31] The courts that have considered Rule 9(b)'s mistake provision interpret it according to its meaning under contract law.[32]

Despite the foregoing analysis, Mr. Sexton cites one case (i.e., *Balon v. Enhanced Recovery Co., Inc.*)[33] for the proposition that the bond fide error defense under the FDCPA is a

---

[30] 653 F.3d 225, 231-33 (3d Cir. 2011).

[31] 750 F.Supp.2d 839, 847-48 (N.D. Ohio 2010). Additionally, *Reed v. Turner*, 2 F.R.D. 12, 12 (E.D. Pa. 1941), also finds that mistake alleged regarding a contract was not pleaded with specificity to satisfy Rule 9(b).

[32] One possible exception to this statement is *United States v. $3,216.59 in U.S. Currency*, 41 F.R.D. 433, 436 (D.S.C. 1967), where the court was deciding a Rule 60 motion based on an attorney's mistake and states in passing that the allegation of mistake in the Rule 60 motion was not stated with specificity. Rule 9 was entirely superfluous to deciding the Rule 60 motion, and the court's reference to Rule 9 did not analyze what "mistake" meant under that rule. Therefore, the court does not find that this case contradicts the above in-text statement.

[33] 316 F.R.D. 96, 103 (M.D. Pa. 2016).

mistake under Rule 9. In reaching this conclusion, the *Balon* court does not provide any analysis as to what the word "mistake" means in Rule 9(b) and, instead, cites several cases that refer to the bond fide error defense as a "good faith mistake" meaning that the erring party did not intend to commit the error.[34] Although this court agrees that a "good faith mistake" is the proper construction of the FDCPA's bone fide error provision, this court finds *Balon* unhelpful for determining what "mistake" in Rule 9(b) means because the *Balon* court did not consider what "mistake" means under Rule 9(b). In fact, neither *Balon* nor any of the cases it cites for the proposition that the bond fide error provision is a "mistake" even mention Rule 9(b) much less analyze whether the bona fide error defense is the type of "mistake" that Rule 9(b) requires to be pleaded with specificity. The court in *Balon* simply assumes that "mistake" in Rule 9(b) is not limited to its use as a term of art under contract law but, instead, takes on its general meaning as misconception, misunderstanding, or erroneous belief.[35] This assumption is misplaced because, as shown above, "mistake" under Rule 9(b) cannot be read that broadly lest it engulf far more causes of action into the specificity standard than the law currently requires. Thus, this court will not follow *Balon*'s unsubstantiated assumption and, instead, finds that the more persuasive reading of Rule 9(b) limits mistakes to those under contract law.

---

[34] *Id.*

[35] *Id*.

### B. The Bona Fide Error Defense is Not a Mistake Under Contract Law and, Therefore, Need Not be Pleaded with Specificity Under Rule 9(b).

Given the limited meaning of "mistake" under Rule 9(b), the FDCPA's bona fide error provision need not be pleaded with specificity. Under Utah contract law,[36] mistake allows a party to "rescind a contract when, at the time the contract is made, the parties make a mutual mistake about a material fact, the existence of which is a basic assumption of the contract."[37] Under the doctrine of mistake, the litigating parties must, at a minimum, have entered into an agreement the basis for which was based on an alleged misunderstanding of material facts. Additionally, in Utah, "mistake" must be established by clear and convincing evidence.[38]

Conversely, a "bona fide error" under the FDCPA is very different than proving a mistake under contract law. Under 15 U.S.C. § 1692k(c) of the FDCPA,

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

---

[36] The court cites Utah contract law, because "[a]bsent state supreme court holdings on point, [the Tenth Circuit] follow[s] [the] familiar *Erie* analysis by predicting what the state supreme court would hold . . . ." *Young v. NPAS, Inc.*, 361 F. Supp. 3d 1171, 1184 (D. Utah 2019). Thus, if a claim of "mistake" were asserted here, this court would apply Utah law. However, even if Utah law did not apply, the doctrine of mistake—whether mutual or unilateral—still requires the formation of an agreement between the two litigating parties under any jurisdiction's law. *See, e.g.,* Restatement (Second) of Contracts, §§ 152 (defining mutual mistake), 153 (defining unilateral mistake), 162 (defining when a misrepresentation is fraudulent).

[37] *GeoNan Props., LLC v. Park–Ro–She, Inc.*, 2011 UT App 309, ¶ 12, 263 P.3d 1169 (citation and internal quotation marks omitted); *see also Mostrong v. Jackson*, 866 P.2d 573, 580 (Utah Ct. App. 1993) (citations and quotations omitted) (stating the elements for unilateral mistake).

[38] *High Desert Estates LLC v. Arnett*, 2015 UT App 196, ¶ 11, 357 P.3d 7, 10 ("The proponent of a mutual-mistake claim must prove the elements by clear and convincing evidence.").

These requirements do not equal a mistake, as that term is used in Rule 9(b), for at least two reasons. First, even assuming that the debt collector has been assigned the creditor's interest under the contract that gives rise to the debt that the debtor must pay, nothing under the FDCPA requires the debt collector to assert a material misunderstanding of the facts that were material to the formation of the contract between the debtor and the creditor. Indeed, the parties' understanding of the facts regarding the debt-creating agreement have nothing to do with the bona fide error defense. Second, the bona fide error defense must be proved by a preponderance of the evidence,[39] whereas "mistake" must be established by "clear and convincing evidence."[40] These different evidentiary burdens further show the difference between "mistake" and "bona fide error." Accordingly, the bona fide error defense is very different from the doctrine of mistake under contract law and, therefore, under Fed. R. Civ. P. 9(b) too. These differences mean that the bona fide error defense is not subject to Rule 9(b)'s specificity requirements. And because the *Iqbal* standard of pleading does not apply to affirmative defenses,[41] MMCC's bona fide error defense is sufficiently pleaded here.

      C. <u>MMCC's Assertion of the Bona Fide Error Defense Precludes Judgment on the Pleadings Under the FDCPA</u>.

Given that MMCC sufficiently pleaded the bona fide error defense, this court cannot enter judgment on the pleadings on Mr. Sexton's FDCPA claim because there are disputed

---

[39] 15 U.S.C. § 1692k(c).

[40] *High Desert Estates LLC*, 2015 UT App 196, ¶ 11 ("The proponent of a mutual-mistake claim must prove the elements by clear and convincing evidence.").

[41] *Tiscareno*, 2012 WL 1377886, *14-16.

material facts. A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[42] Here, there are material issues of fact remaining as to whether MMCC can establish the bona fide error defense.

The Tenth Circuit has stated that the bona fide error defense "insulate[s] debt collectors from liability even where they have violated the FDCPA."[43] To prevail on this affirmative defense, MMCC must prove that any violation of the FDCPA was: "(1) unintentional, (2) a bona fide error, and (3) made despite 'the maintenance of procedures reasonably adapted to avoid' the violation."[44] MMCC denies that it intentionally sought to collect amounts that were not due to Evergreen, which creates obvious disputed facts about MMCC's intent.[45] Moreover, MMCC denies having any knowledge that the judgment against Mr. Sexton was invalid, which Mr. Sexton disputes, thus creating a material issue of fact regarding whether MMCC had good faith belief that it had the right to collect the debt that Evergreen had referred.[46] Although MMCC's Answer does not describe any procedures that it used to avoid FDCPA violations, the Answer does not admit that it lacked such procedures. Discovery would assist the court in determining

---

[42] *Colony Ins. Co.*, 698 F.3d at 1228.

[43] *Johnson*, 305 F.3d at 1121.

[44] *Id.* (citation omitted).

[45] ECF No. 13, ¶¶118-21, 124.

[46] *Id.*, ¶¶ 36, 41, 46-47, 73; *see Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 538 (7th Cir. 2005) (stating that "bona fide" under FDCPA bona fide error defense means "an error made in good faith; a genuine mistake, as opposed to a contrived mistake").

whether such procedures existed and whether they were directed to avoiding the errors that MMCC allegedly committed. Therefore, issues of disputed fact remain as to whether the bona fide error defense shields MMCC from liability even if it violated the FDCPA. Under these circumstances, this court recommends Mr. Sexton's Motion for Judgment on the Pleadings against MMCC be denied.

### RECOMMENDATION

For the foregoing reasons, it is hereby recommended that Mr. Sexton's Motion for Judgment on the Pleadings[47] against MMCC be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 20th day of July 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[47] ECF No. 15.