## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DAVID SEXTON,**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**EVERGREEN VILLAGE COMMUNITY MHC, LLC; and MERCHANTS & MEDICAL CREDIT CORPORATION, INC.,**<br><br>          **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:19-cv-00675-CW-JCB**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff David Sexton's ("Mr. Sexton") Motion for Judicial Notice.[2] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and, therefore, decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court renders the following Memorandum Decision and Order.

Mr. Sexton requests that the court take judicial notice of five items. The first two items are Exhibits P-1 and P-2 attached to Mr. Sexton's Motion for Judicial Notice, which are state court filings in Utah Second District case no. 170902842. Items 3-5 pertain to Judge Parrish's rulings in *Sexton v. Poulsen & Skousen, P.C.*, 372 F.Supp.3d 1307 (D. Utah 2019). Under the Federal Rules of Evidence, courts may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be

---

[1] ECF No. 23.
[2] ECF No. 16.

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Adjudicative facts are simply the facts of the particular case." *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998) (quoting Advisory Committee Notes to rule 201) (emphasis added). Official state court records in a related proceeding are subject to judicial notice. *Stack v. McCotter*, Case No. 02–4157, 2003 WL 22422416, *8 (10th Cir. Oct. 23, 2003) (unpublished opinion) (concluding a state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201); *Shoulders v. Dinwiddie*, 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts). Accordingly, the court takes judicial notice of the following facts related to *Evergreen Village MHC, LLC v. Sexton*, case no. 170902842 (2d Dist. Utah): (1) On February 26, 2018, Defendant Evergreen Village Community MHC, LLC filed a Joint Motion to Dismiss the State case against Mr. Sexton with prejudice; and (2) On March 2, 2018, the Utah State Second District Court dismissed the State case with prejudice and vacated the judgment that had been previously entered against Mr. Sexton.[3]

However, the court declines to judicially notice requests 3, 4, and 5 as Mr. Sexton has requested because he appears to conflate the doctrines of judicial notice and res judicata.[4] Federal courts can take judicial notice of their own records,[5] and, therefore, the filings in the case before Judge Parrish are subject to judicial notice.

---

[3] Id. at 1, ¶¶ 1-2.

[4] *Id*. at 1, ¶¶ 3-5.

[5] *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp*., 605 F.2d 1169, 1172 (10th Cir. 1979) (finding that federal court can take judicial notice of its own records).

However, to give them the effect of having "conclusively determined" certain *legal* issues in this case is beyond the doctrine of judicial notice—which only recognizes facts—and gets into the realm of whether a prior ruling in another case is legally binding in this case. That is the stuff of res judicata, which requires the movant to prove: (1) a final judgment on the merits in a prior action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits. *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2003). If these elements are satisfied, res judicata is proper unless the party seeking to avoid preclusion did not have a "full and fair opportunity" to litigate the claim in the previous action. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999). Because res judicata was not argued in Mr. Sexton's motion, this court cannot opine on whether Judge Parrish's rulings "conclusively determined" various legal issues in this action.

## ORDER

For the foregoing reasons, Mr. Sexton's Motion for Judicial Notice is GRANTED IN PART and DENIED IN PART as detailed above.

IT IS SO ORDERED.

DATED this 20th day of July 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge