## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DAVID SEXTON,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**EVERGREEN VILLAGE COMMUNITY MHC, LLC; and MERCHANTS & MEDICAL CREDIT CORPORATION, INC.,**<br><br>　　　　**Defendants.** | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00675-CW-JCB<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

　　　　This case was referred to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff David Sexton's ("Mr. Sexton") Motion for Judgment on the Pleadings.[2] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and, therefore, decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court renders the following Report and Recommendation.

### B**ACKGROUND**

　　　　Mr. Sexton's Amended Complaint pleads two causes of action against Defendant Evergreen Village Community MHC, LLC ("Evergreen") for breach of contract and violation of

---

[1] ECF No. 23.

[2] ECF No. 17.

the Utah Consumer Sales Practices Act.[3] In its Answer, Evergreen admits the following: (1) Evergreen and Mr. Sexton entered into a settlement agreement to resolve Mr. Sexton's debt;[4] (2) both parties agreed to terminate their respective lawsuits against each other;[5] (3) Evergreen moved to vacate the judgment against Mr. Sexton on February 26, 2018;[6] and (4) on March 2, 2018, the judgment against Mr. Sexton was vacated and no longer enforceable.[7] Pursuant to the settlement agreement, Evergreen was required to "terminate any further collection efforts regarding the alleged debt which includes any credit reporting of negative information pertaining to the alleged debt or to the [Mr. Sexton]."[8] The settlement agreement also provides that both parties shall "bear all of their own attorney's fees, expenses, and costs arising out of the lawsuits and in connection with the preparation of this Agreement."[9]

In addition to these admissions, Evergreen denies that it reported the debt to TransUnion.[10] Evergreen denies possessing and submitting documents to its co-defendant

---

[3] ECF No. 12.

[4] ECF No. 14 at ¶ 31.

[5] *Id.* at ¶¶ 31, 37-38.

[6] *Id.* at ¶ 37.

[7] *Id.* at ¶¶ 40-41.

[8] *Id.* at ¶ 34.

[9] *Id.* at ¶ 35.

[10] *Id.* at ¶ 64.

Merchants & Medical Credit Corporation, Inc. ("MMCC") to verify the validity of the debt.[11] Evergreen also denies that Mr. Sexton suffered damages.[12]

Based on the above-referenced admissions, Mr. Sexton moves for partial judgment on the pleadings as to his breach of contract claims against Evergreen.[13] Specifically, Mr. Sexton argues that Evergreen breached the settlement agreement by failing to terminate collection efforts, reporting negative credit information, and supplying false information regarding the validity of the debt.[14] As explained below, the court recommends the motion be denied.

## LEGAL STANDARDS

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

A court considering a motion for judgment on the pleadings should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings

---

[11] *Id*. at ¶¶ 55-56. MMCC's admission that Evergreen assigned Mr. Sexton's debt to MMCC for collection is not binding on Evergreen for purposes of determining whether Mr. Sexton is entitled to a judgment as a matter of law based on the pleadings. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566 (11th Cir. 1987) (stating that admissions of one party are not binding on co-defendant).

[12] *Id*. at ¶¶ 109-13.

[13] ECF No. 17.

[14] *Id*. at 3-4.

in favor of the same." *Park Univ. Enters. v. Am. Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.,* 545 Fed. App'x. 750, 753 (10th Cir. 2013). The court must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party. *Ramirez v. Wal–Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000). All of the nonmoving parties' allegations are deemed to be true, and all of the movant's contrary assertions are taken to be false. *Nat'l Metro. Bank v. United States*, 323 U.S. 454, 456–57 (1945); *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000); *Freeman v. Dep't of Corr.*, 949 F.2d 360, 361 (10th Cir. 1991).

## ANALYSIS

Mr. Sexton contends that his Amended Complaint alleges valid claims for breach of contract and that Evergreen's Answer admits all the necessary allegations to establish breach of contract as a matter of law. To succeed on a claim for breach of contract under Utah law, Mr. Sexton must prove: (1) the existence of a contract; (2) adequate performance of the contract by plaintiff; (3) breach of contract by defendant; and (4) damages. *Northern Regal Homes, Inc. v. Roundpoint Mortg. Serv. Corp.*, No. 1:15-CV-0035, 2016 WL 7441634, at *3 (D. Utah Dec. 27, 2016) (citing *Bair v. Axiom Design, LLC*, 20 P.3d 388, 392 (Utah 2001)). As shown below, Mr. Sexton cannot establish either breach or damages on the pleadings.

First, the pleadings alone do not establish undisputed evidence of Evergreen's breach as to negative credit reporting and concealment of the unlawful debt, and therefore indicates the need to seek discovery on these claims. "A breach of a contract is a failure to provide the other party with the goods or services as the contract requires." *Bill's Coal Co. v. Bd. of Pub. Utilities of Springfield, Mo.*, 682 F.2d 883, 885 (10th Cir. 1982). Evergreen denies that it breached its

agreement with Mr. Sexton by reporting the debt to TransUnion or referring the debt to a debt collection company with documentation of the debt's validity. These denials are necessary for Mr. Sexton to prevail on the breach of contract theories in the amended complaint. Consequently, these denials create issues of material fact that preclude judgment on the pleadings.

Second, Mr. Sexton is not entitled to judgment on his breach of contract claim because there is a factual dispute as to damages. To satisfy the element of damages, the plaintiff must prove that the type of damages sought are available for breach of contract and that sufficient evidence supports the amount for each damage type. *Eleopulos v. McFarland & Hullinger, LLC*, 2006 UT App 352, ¶¶ 13-14, 145 P.3d 1157, 1159-60. If the plaintiff cannot prove damages, then there is no breach of contract. *Hi-Country Estates Homeowners Ass'n v. Bagley & Co.*, 2011 UT App 252, 262 P.3d 1188, 1190 ("Proof of damages is an element of a claim for breach of contract." (emphasis added)). Evergreen's Answer expressly denies that Mr. Sexton has suffered damages of any type or amount. This creates a dispute of material fact. Because the pleadings show that material facts are in dispute, Mr. Sexton is not entitled to judgment as a matter of law. Accordingly, the court recommends Mr. Sexton's motion be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing analysis, it is hereby recommended that Mr. Sexton's Motion for Judgment on the Pleadings[15] be DENIED.

---

[15] *Id.*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of July 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge